Boceo A. Parella, J.
The judgment debtor heretofore moved to vacate and set aside the alleged service of an order to show cause to punish him for contempt for failure to attend for examination in supplementary proceedings in accordance with a subpoena. The debtor claimed, among other things, that he was never served with the order to show cause herein or with the original subpoena for his examination. In my interim memorandum I noted that on another motion in the same matter, Justice Amsterdam had referred a number of questions to the Beferee for hearing and directed that the instant motion be held in abeyance until the aforesaid hearing had been concluded before the Beferee. By letter dated February 14, 1957, Mr. Greenberg directed my attention to the fact that the Beferee had filed his report and that Justice Amsterdam on motion had confirmed that report. Mr. Greenberg, therefore, requests a determination of the motion which is still pending before me.
I have studied the report of the learned Beferee with great care. It is settled law that a lawyer cannot continue proceed *714 ings in the name of his client, without the client’s permission, for the purpose of collecting a judgment so that the attorney may obtain his fee unless he can show that he has exhausted his remedies against his client to that end and that the client is financially, irresponsible. No such showing was made before the Referee. One of the issues referred to the Referee was whether the judgment creditor is destitute and insolvent with relation to his ability to pay the fees of his attorney herein. In this connection the Referee stated in his report: “ There was no proof before me as to whether the plaintiff-judgment creditor is destitute and insolvent, this being another question referred to me. Mr. Greenberg testified that it was his opinion that the creditor, a person of no known address, is financially irresponsible. However, Mr. Greenberg’s opinion and his conclusory remarks did not constitute competent evidence; and I may base no finding on conjecture. Mr. Greenberg testified that, when Mr. Williams telephoned to him after the settlement had been effected and offered to come up to his office, he told Williams ‘ to stay away ’. Mr. Greenberg also testified that he never asked the judgment creditor whether the latter had received any money in connection with the settlement. It is evident that Mr. Greenberg made no effort at all to collect any part of his fee from Ms own client, probably because he believed that it would not be possible to do so. But this attorney, offering no competent evidence, may not impose upon the court his own belief, however well founded it may be.” Moreover, in her decision on the motion confirming the Referee’s report, Justice Amsterdam remarked that the Referee’s report clearly shows that on the specific issue referred to him of inability to collect from the client of the moving attorney, the latter did not make a prima facie case. Justice Amsterdam then proceeded to apply section 475 of the Judiciary Law and to give the creditor’s attorney Ms statutory lien upon the proceeds of the fund then before the court. This was in conformity with the statute (Judiciary Law, § 475).
The present proceeding stands on a different footing. There is no specific fund now before the court. Mr. Greenberg may not continue the prosecution of the instant proceeding without the express permission of Ms client. The underlying matter was terminated by a settlement and the attorney is not now acting for the creditor but only in his own behalf. To do that the attorney would have to show inability to collect from his client, or that the underlying proceeding was terminated by fraud or collusion for the purpose of depriving the attorney of Ms fee. The Referee’s report clearly shows that Mr. Green-berg failed to establish either point.
*715 It follows from the findings of the Referee, which are based strictly on the attorney’s statutory rights under section 475 of the Judiciary Law, that such attorney was clearly entitled to the lien as found by the Referee, upon the specific fund involved in the proceeding then pending, but it also follows that he has no right to continue the present proceeding.
In view of all of the foregoing, the pending motion is granted to the extent of vacating the present supplementary proceedings in toto. It may be, as discussed in the Referee’s report, that this attorney may be able to take other proceedings elsewhere, and nothing herein contained is to be construed as being in derogation of what the Referee stated in his report in that regard.